

FILED & ENTERED

JUN 20 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:13-bk-32580-RK |
| AVIS RICHELLE COPELIN, | Chapter 11 |
| Debtor. | Adv. No. 2:14-ap-01175-RK |
| GREAT WESTERN CAPITAL, LLC, <br><br> Plaintiff(s). <br><br> vs. <br><br> AVIS RICHELLE COPELIN, NICKLAUS SEWARD, et al, DOES 1 TO 10, INCLUSIVE, <br><br> Defendants. | MEMORANDUM DECISION ON MOTION TO REMAND REMOVED UNLAWFUL DETAINER CASE TO SUPERIOR COURT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1447(c) AND 1452(b) |

Pending before the court is the motion of plaintiff Great Western Capital, LLC, to remand this removed unlawful detainer action to the Superior Court of California for the County of Los Angeles.  Defendant Avis Copelin, the debtor in the underlying bankruptcy case, filed a notice of removal, removing this action from state court to this court, on March 21, 2014.  Plaintiff filed its motion to remand the case pursuant to 28 U.S.C. §§ 1447(c) and 1452(b) on April 7, 2014.  The motion came on for hearing before the undersigned United States Bankruptcy Judge on April 29, 2014 and May 6, 2014. Appearances were made as noted on the record at the hearings.  After the hearings, the

1  parties filed supplemental briefing.  Plaintiff filed a supplemental reply to defendant's

2  response to the motion on May 9, 2014, and defendant filed a reply to this pleading on

3  May 13, 2014.

4         Having carefully considered the moving and opposing papers and the arguments

5  of the parties, the court now issues this decision and grants the motion to remand.

6         Plaintiff argues that the action should be remanded pursuant to 28 U.S.C. §

7  1447(c) on grounds that the court lacks subject matter jurisdiction.  The court had

8  previously granted the motion of plaintiff for relief from the automatic stay in this

9  bankruptcy case to allow plaintiff to proceed with this unlawful detainer case.  Plaintiff

10 was the purchaser of the subject property at a trustee's sale and brought the action in

11 state court for unlawful detainer to assert its rights to possession as the purchaser.

12 Defendant removed the action from state court after the bankruptcy case was converted

13 to Chapter 11, asserting that she still has rights in the property and that the property is

14 needed for effective reorganization.  Plaintiff asserts that defendant has no such rights

15 and that this court lacks subject matter jurisdiction over the unlawful detainer action.

16 Defendant asserts that she has such rights and that the court thus has subject matter

17 jurisdiction.  The court notes that whether defendant has continuing rights to the property

18 after the trustee's sale and whether subject matter jurisdiction exists is a factual and legal

19 dispute, but that while this dispute may raise evidentiary issues that may require an

20 evidentiary hearing, the court need not resolve this dispute for purposes of the remand

21 motion because the motion can be resolved without deciding this dispute.  Because the

22 court grants the remand motion under 28 U.S.C. § 1452(b), the court need not reach the

23 alternative basis for the motion under 28 U.S.C. § 1447(c).

24        Under 28 U.S.C. § 1452(b), the court can remand a removed bankruptcy matter

25 for any equitable reason.  The courts in this judicial district have looked  to up to fourteen

26 factors in deciding whether to remand a case to state court pursuant to 28 U.S.C. §

27 1452(b).  *In re Enron Corp.*, 296 B.R. 505, 508 (Bankr. C.D. Cal. 2003); *Maya, LLC v.*

28 *Cytodyn of New Mexico*, *Inc. (In re Cytodyn of New Mexico, Inc.,),* 374 B.R. 733, 738

(Bankr. C.D. Cal. 2007).  The fourteen factors are: (1) the effect or lack thereof on the efficient administration of the estate if the court recommends remand; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.  *Id.*

The first factor (efficient administration) weighs in favor of remand because the unlawful detainer action was already litigated to judgment in the state court, defendant had challenged that judgment and sought rehearing in that court regarding the right to possession, and the rights of the parties to possession can be determined by the state court after remand (e.g., on a renewed motion to vacate default).

The second factor (predominance of state law issues) weighs in favor of remand because the unlawful detainer action raises only issues of California state law regarding real property rights; specifically, the right to possession under the unlawful detainer remedy of California law after a nonjudicial foreclosure of a deed of trust.  Citing *Logan v. U.S. Bank National Association,* 722 F.3d 1163 (9th Cir. 2013), defendant argued that having to litigate an unlawful detainer action in state court while her adversary proceeding for wrongful foreclosure in this court would place her at a disadvantage.  *Logan* is not applicable to this case because the issue was whether there was a private federal cause of action  under the Protecting Tenants at Foreclosure Act (PTFA), which the Ninth Circuit held there was not, but that the tenant could raise PTFA as an affirmative defense

3

in the state court unlawful detainer proceedings.  The court is of the view that arguing that

litigating the unlawful detainer case is besides the point here because this does not affect

the characterization of the case as presenting predominately state law issues, but more

importantly, defendant is really seeking some stay of the unlawful detainer action,

whether in this court or in the state court, and whether she is entitled to such relief

depends on whether she can establish entitlement to preliminary injunctive relief in the

adversary proceeding for wrongful foreclosure in this court, which she has not yet shown.

The third factor (difficult/unsettled nature of the applicable law) weighs against

remand because the unlawful detainer action does not involve difficult or unsettled areas

of law.

The fourth factor (presence of a related proceeding commenced in state court)

weighs in favor of remand because the unlawful detainer was commenced and already

litigated to judgment in the state court.  The court agrees with the court in *Cytodyn* that

this factor is met under these circumstances, though the Ninth Circuit in *Security Farms*

*v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers,* 124

F.3d 999, 1010 (9th Cir. 1997) had held that the doctrine of abstention does not apply to

removed proceedings.  The prior pendency of the unlawful detainer action in state court

indicates that this factor is met.  *Id.*

The fifth factor (other jurisdictional basis) weighs in favor of remand because the

basis of this court's jurisdiction over the unlawful detainer action is "related to" jurisdiction

of 28 U.S.C. § 1334 rather than "arising in" or "arising under" jurisdiction of 28 U.S.C. §

1334.  Plaintiff's unlawful detainer action is a state law claim not "arising in" or "arising

under" this court's bankruptcy jurisdiction, though such claim may be "related to" the

bankruptcy case in some way if defendant has rights in the subject property, which may

make such property part of the bankruptcy estate under 11 U.S.C. § 541.

The sixth factor (relatedness to the main bankruptcy case) weighs in favor of

remand because the unlawful detainer action asserts nonbankruptcy state law claims,

which are not "core" proceedings within the meaning of 28 U.S.C. § 157(b)(1) and (2).

The seventh factor (the substance of an asserted "core" proceeding) weighs in favor of remand because as just stated, the unlawful detainer action asserts nonbankruptcy state law claims, which are not "core" proceedings within the meaning of 28 U.S.C. § 157(b)(1) and (2).

The eighth factor (feasibility of severing state law claims) weighs in favor of remand because it appears that it would be feasible to sever any state law claims from any core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.

The ninth factor (the burden on the bankruptcy court's docket) weighs in favor of remand because the task before the court, hearing the unlawful detainer case, is whether the judgment of the state court for possession applies to defendant and the state court is in a better position to interpret its judgment as to whether it applies to defendant than this court which did not render the previous judgment.

The tenth factor (forum shopping) weighs in favor of remand because the court had already granted relief from the automatic stay to allow the plaintiff to litigate the unlawful detainer action in state court and after plaintiff prevailed in that action in state court and obtained a judgment for possession, defendant had this action removed to this court.

The eleventh factor (right to jury trial) is a neutral factor since neither party requested a jury trial in this court or in the state court.

The twelfth factor (presence of nondebtor parties) weighs in favor of remand because there were other parties to the unlawful detainer action other than plaintiff and defendant.

The thirteenth factor (comity) weighs in favor of remand because as stated previously, the task before the court, hearing the unlawful detainer case, is whether the judgment of the state court for possession applies to defendant and the state court is in a better position to interpret its judgment as to whether it applies to defendant than this court which did not render the previous judgment.   Defendant argues that the judgment

against her was a default judgment and entitled to set aside the judgment for lack of service. Defective service is an issue defendant can raise in state court on remand in a renewed motion to vacate default.

The fourteenth factor (possibility of prejudice) is a neutral factor in the court's view. Plaintiff argues that it would be financially prejudiced due to further delay if this court does not remand this action to the state court. However, this factor relates to prejudice to other parties rather than the parties to this litigation and is not a factor here.

The court determines that most of the relevant factors for equitable remand under 28 U.S.C. § 1452(b) favor remand, and the first, second, fourth, eleventh and thirteenth factors are the ones I give most emphasis here and these factors favor remand.

For the foregoing reasons, the court will grant the motion for remand, and this action is to be remanded to the Superior Court of California for the County of Los Angeles. A separate order for remand is being filed and entered concurrently.

IT IS SO ORDERED.

### 

Date: June 20, 2014

_____

Robert Kwan
United States Bankruptcy Judge

6